IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUAN CANALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CR-16-79-R |
| | ) | CIV-17-569-R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Mr. Canales's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1 (CIV-17-569-R) and Doc. 15 (CR-16-79-R). For the following reasons, his Motion is DENIED.

Mr. Canales first challenges his sentence on Due Process grounds, arguing that U.S.S.G. 2K2.1, which he believes is unconstitutionally vague, was used to enhance his sentence. This argument fails, though, because the Sentencing Guidelines are not subject to void-for-vagueness challenges under the Due Process Clause. *See Beckles v. United States*, 137 S.Ct. 886 (2017).

Mr. Canales's second argument—that his current term of supervised release exceeds the statutory maximum—misapprehends the law as well. But to dispose of his contention, some background is in order. After Mr. Canales pled guilty in 2007 to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g), he received the statutory maximum of 10 years (under § 924(a)(2)). He also received a term of 2 years of supervised release, to be served after his prison term. Mr. Canales commenced his term of supervised release on

1

February 16, 2016, but shortly after, the Court revoked the term after it learned he had violated the conditions of his supervised release. The Court then ordered a 12-month prison term to be followed by a 24-month term of supervised release.

To be clear, Mr. Canales is challenging this 24-month term of *supervised release*, not the 12-month term of imprisonment the Court imposed for violating the conditions of his supervised release. Yet in doing so, he mistakenly references 18 U.S.C. § 3583(e)(3)—the provision that governs the *term of imprisonment* a Court can order for violating the terms of conditional release. So for the sake of liberally construing Mr. Canales's pro-se arguments, the Court will address both this provision and the provision Mr. Canales should have invoked in challenging his supervised-release term.

Starting with whether Mr. Canales's 12 month term of imprisonment is statutorily valid, that provision is governed by § 3853(e)(3), which permits a court to require the

> defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court . . . finds . . . that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony.

Applying that provision to Mr. Canales, his *offense that resulted in such term of supervised release* was possessing a firearm as a felon, 18 U.S.C. § 922(g), which as a class C felony,[1] authorizes up to a 3-year term of supervised release under § 3583(b)(2). Because the Court

---

[1] *See* 18 U.S.C. § 3559(a)(3).

imposed a prison term of 12 months—less than the authorized 3-year term of supervised release—it was statutorily valid under § 3583(e)(3). Further, this 12-month prison term does not run afoul of the last clause of § 3583(e)(3), which stipulates that a defendant whose term is revoked can face up to a 2-year prison term if his offense of conviction was a class C felony.

Now, to the extent that Mr. Canales seeks to challenge his new 2-year term of *supervised release*, that argument is governed by § 3583(h). That provision simply limits the new term of supervised release a defendant may serve after his release from imprisonment for violating the conditions of his supervised release:

> The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Employing that provision here, that means Mr. Canales's 2-year term of supervised release is valid so long as it does not exceed the difference of

- *The term of supervised release authorized by statute for the offense that resulted in the original term of supervised release*. Here, as explained above, 3 years.

- *Any term of imprisonment that was imposed upon revocation of supervised release*. Here, as explained prior, 1 year.

Because the difference between these figures is 2 years, Mr. Canales's new 2-year term of supervised release does not exceed that allowed under § 3583(h).

Additionally, the Court denies Petitioner a Certificate of Appealability (COA) under Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts.

When a court denies a habeas petition on the merits, a petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029 (2003). Petitioner has not made this showing and is thus not entitled to a COA. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22 if he wishes to appeal the Court's ruling on his motion.

In conclusion, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it lacks merit.

IT IS SO ORDERED this 1st day of June 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE